IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Armille Pye,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>National Recovery Solutions, LLC,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Armille Pye, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Armille Pye ("Plaintiff"), is an adult individual residing in Dearborne, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant National Recovery Solutions, LLC ("National"), is a New York business entity with an address of 20 Market Street, Suite 500, Lockport, New York 14094, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     National at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Alleged Debt

7.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The alleged Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the alleged Debt.

10.    The Defendant attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. National Engages in Harassment and Abusive Tactics

11.    Within the last year, the Defendant began to contact Plaintiff in an attempt to collect the alleged Debt.

12.    On or about June 2012, Plaintiff spoke with a female representative of Defendant named "Ms. Gordon."

13. Ms. Gordon informed Plaintiff of the alleged payday loan they were attempting to collect from Plaintiff.

14. Plaintiff verbally disputed the alleged Debt with Ms. Gordon and furthermore requested proof from Defendant that the Debt was valid.

15. Ms. Gordon responded that Plaintiff needed to provide Defendant with proof that Plaintiff did not owe the alleged Debt.

16. Plaintiff then terminated the call with Ms. Gordon.

17. Since Plaintiff's initial communication with Defendant, Defendant has placed calls to Plaintiff's cellular telephone at an excessive and harassing rate, placing three (3) calls every day to Plaintiff.

18. In addition, Defendant left approximately one dozen voicemails on Plaintiff's cellular number demanding that "[Plaintiff] return [Defendant's] call immediately regarding an important matter."

19. Furthermore, Defendants failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law, including her right to dispute the alleged Debt.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

21. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26.     The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

27.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT,

## M.C.L. § 445.251, et seq.

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "consumer" and "debtor" as the term is defined by M.C.L. § 445.251(d).

31. The Defendant is a "collection agency" as the term is defined by M.C.L. § 445.251(b).

32. The Plaintiff incurred a debt as a term is defined by M.C.L. § 445.251(a).

33. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

34. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

35. The Defendant's conduct violated M.C.L. § 445.252(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

36. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE, M.C.L. § 339.901, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

40. Plaintiff is a "consumer" and "debtor" as the terms is defined in M.C.L. § 339.901(f).

41.     The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

42.     The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

43.     The Defendant's conduct violated M.C.L. § 339.915(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

44.     The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MOC, including every one of the above-cited provisions.

45.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48.     Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

49.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive calls to her cellular telephone.

50. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

51. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

52. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

53. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

55. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

57. All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

58. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

59. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

60. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Michigan.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and statutory damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

3. Treble damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 24, 2012

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Armille Pye
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com